FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 1 0 2017

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

REGINA WHITE, INDIVIDUALLY AND AS
SPECIAL ADMINISTRATRIX OF THE ESTATE
OF DAVID CARROLL WHITE, Deceased                          PLAINTIFFS

VS.                    NO. 2:17cv59-DPM

ROBERT MADIGAN, WOODALL AUTO
TRANSPORT, INC. and NOE CADENA,
d/b/a NC TRUCKING                                          DEFENDANTS

## COMPLAINT AT LAW

Come the Plaintiffs, Regina White, Individually, and as Special Administratrix of the Estate of David Carroll White, deceased, by her attorneys Easley & Houseal, PLLC and for her cause of action against the Defendants, Robert Madigan, Woodall Auto Transport, Inc., and Noe Cadena, d/b/a NC Trucking, and states:

### Jurisdictional and Venue Allegations

1. This matter arises from a truck collision that caused the death of David Carroll White. Mr. White's wife and Special Administratrix also alleges survivorship damages, and injuries of her own suffered in the collision. Plaintiff and her decedent were at the time of this motor vehicle collision adult residents of St. Francis County, Arkansas. The collision complained of herein

This case assigned to District Judge Marshall
and to Magistrate Judge Volpe

occurred in St. Francis County, Arkansas.

Defendant Robert Madigan is and was at all times pertinent hereto an adult resident of the State of Maryland. Defendant Woodall Auto Transport, Inc. is a Florida corporation regularly doing business in the State of Arkansas. Defendant Noe Cadena is and was at all times pertinent hereto an adult resident of the State of Texas. All of said Defendants are subject to suit and service of process under the Arkansas' Nonresident Motorist Act, A.C.A.§16-58-121. There is complete diversity of citizenship. This Court has jurisdiction of the parties and subject matter hereto under the provisions of 28 U.S.C. §1332. Venue is proper in the Eastern District of Arkansas, as the Plaintiffs reside there, and the collision occurred there.

## Facts and Allegations

2.     That on Friday, December 30, 2016 at approximately 4:40 P.M., Plaintiff's decedent was driving a tow truck traveling west on Interstate 40, hauling a disabled vehicle and three passengers, when he came upon slowing/stopped traffic on Interstate 40 near Palestine, St. Francis County, Arkansas. All traffic had slowed or stopped due to Defendant Madigan having jackknifed his 18 wheeler, because he was driving while intoxicated, and failed to maintain control of his vehicle. But for Madigan's recklessness, extreme indifference to the value of human life, (or, in the alternative, his negligence) the collision complained of herein would never have occurred, and Plaintiff's decedent would not have been killed, and Plaintiff Regina White injured.

3.     Within minutes of the traffic pile-up caused by Madigan, the

Defendant Noe Cadena so negligently operated his tractor-trailer rig that he was unable to stop, and slammed into the rear of Plaintiff's vehicle, causing mortal injuries to Mr. White, which lead to his eventual death. Also injured in the wreck was Plaintiff Regina White.

4. That solely and proximately as a result of the combined negligence of the Defendants Madigan, Woodall, and Cadena as detailed below, Plaintiff's Estate has suffered the following injuries and damages, to-wit:

(a) Plaintiff's decedent, David Carroll White, survived for a time, and was hospitalized in critical care. During such time, Mr. White endured pain, suffering, and mental anguish, and incurred substantial medical expense as a result of medical transport, and medical treatment at the Regional Medical Center in Memphis, Tennessee;

(b) Petitioner Regina White has lost the love, affection, and emotional support of her husband, as well as the pecuniary support that he provided for her during his lifetime;

(c) Petitioner Regina White and other family members have suffered mental anguish in the past, and will experience same in the future;

(d) The Estate has incurred funeral expense;

(e) The Estate has lost the value of Mr. White's life, and the enjoyment of that life;

for all of which Plaintiff should be compensated.

5. All of the above injuries and damages were proximately caused by the combined negligence and reckless, intentional conduct of the Defendant Madigan, an employee of Defendant Woodall, and Defendant Calida in the

following particulars:

### (A) <u>As to the Defendant Madigan:</u>

(1) Defendant Madigan was driving while intoxicated, in violation of A.C.A. §5-65-103 *et seq* and DOT regulation 49 CFR 392.5(a)(2);

(2) As a result of Defendant Madigan driving in an inebriated state, he failed to maintain control of his vehicle, causing it to jackknife, thus causing a pile-up of traffic, an inherently dangerous condition for motorists traveling westbound on I-40;

### (B) <u>As to the Defendant Wooddall, Inc.:</u>

(1) Defendant Wooddall was guilty of negligent hiring, by having hired a driver known to be a danger. It was readily forseeable that by hiring Defendant Madigan, Wooddall, Inc. would be subjecting the motoring public to a greatly increased risk of injury and death.

### (C) <u>As to the Defendant Madigan:</u>

(1) he was following too closely;
(2) he failed to yield the right-of-way to a forward vehicle;
(3) he failed to maintain control of his vehicle;
(4) he failed to maintain a proper lookout;
(5) he was traveling too fast for conditions;
(6) he failed to heed the numerous warnings of a multiple slowed and stopped vehicles ahead of him, all with their brake lights on;
all in violation of law.

6. At the time of the collision, the Defendant Madigan was an agent and employee of Woodall Auto Transport, Inc., and was acting within the scope of his authority as such agent. Therefore, all negligent acts of Defendant Madigan are imputed to the Defendant Woodall Auto Transport, Inc., under

the doctrine of *respondeat superior*.

7.     The Defendant Madigan's conduct, in driving a tractor-trailer rig loaded with automobiles, while under the influence of alcohol, was malicious, and in reckless disregard of the consequences.  He should be punished by the assessment of punitive damages to deter him, and all others similarly situated, from such conduct in the future.  His employer, Woodall Auto Transport, Inc. knew or should have known that he was a danger to the motoring public, and should not have been driving an 18-wheeler loaded with automobiles. Woodall's hiring of Madigan was in reckless disregard for the safety of the public, and Woodall should be punished by the assessment of punitive damages to deter it, and all others similarly situated, from such reckless disregard for the safety of others in the future.

8.     **Plaintiff, for herself and for the Estate, demands a jury trial.**

**WHEREFORE**, Plaintiff prays judgment against the Defendants Robert Madigan, Woodall Auto Transport, Inc., and Noe Cadina, jointly and severally, for compensatory damages of Two Million Dollars ($2,000,000.00); for punitive damages against Robert Madigan and Woodall Auto Transport, Inc. for a sum in excess of Five Million Dollars ($5,000,000.00); for a jury trial; and for all other proper relief.

**EASLEY & HOUSEAL, PLLC**
Attorneys for Plaintiff

By: _____
B. Michael Easley (74041)
P. O. Box 1115
Forrest City, AR 72336-1115
(870) 633-1447
mike@ehtriallawyers.com
